Filed 5/14/25  P. v. Lopez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUADALUPE LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B334639<br>(Super. Ct. No. CR36385)<br>(Ventura County) |

Guadalupe Lopez appeals from the denial of resentencing. Lopez was sentenced to 127 years to life including a one-year prior prison term enhancement pursuant to former Penal Code[1] section 667.5,[2] subdivision (b).  On resentencing pursuant to

---

[1] All statutory references are to the Penal Code.

[2] All references to section 667.5 are to former section 667.5.

former section 1171.1 (renumbered section 1172.75),[1] the trial court struck the prior prison enhancement, but otherwise reimposed the original sentence.  We remand in part for the court to recalculate Lopez's custody credits.  In all other respects, we affirm.

## FACTS

### *Underlying Convictions*

In 1996, Lopez was convicted of three counts of second degree robbery (§ 211) and one count of attempted second degree robbery (§§ 664, 211).  The trial court found true: as to all four counts, Lopez personally used a firearm in the commission of the offenses.  (§ 12022.5, subd. (a).); Lopez had four prior strikes within the meaning of the "Three Strikes" law (§§ 667, subd. (b)-(i), 1170.12 subds. (a)-(d)); Lopez had two prior serious felony convictions (§ 667, subd. (a)) and served a prior prison term (former § 667.5, subd. (b)).

The trial court sentenced Lopez to four consecutive 25-years-to-life terms under the three strikes law, plus four consecutive four-year terms for the personal use of a firearm, plus two consecutive five-year terms for the prior serious felony convictions, plus a one-year consecutive term for the prior prison term, for a total of 127 years to life.

Lopez was 42 years old when he committed the robberies and attempted robbery.

### *Resentencing Pursuant to Section 1172.75*

In 2023, Lopez's case was called for resentencing pursuant to section 1172.75, invalidating a sentence imposed prior to

---

[1] Section 1171.1 was renumbered section 1172.75 effective June 30, 2022. (Stats. 2022, ch. 58, § 11.)  Subsequent references are to the current section.

2

January 1, 2020, pursuant to section 667.5, subdivision (b) and requiring resentencing. In resentencing, the trial court must apply any changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity and promote uniformity in sentencing. (§ 1172.75, subd. (d)(2).)

In resentencing Lopez, the trial court considered the mitigating factors such as Lopez's age, 68 years old. The court found there is "some evidence of potential physical infirmities," and he has participated in some treatment programs while in custody.

But the trial court found the predominance of factors mitigated against the dismissal of enhancements. The court noted Lopez's lengthy and dangerous criminal record. The court also noted that his conduct in the instant case involved violence toward multiple victims.

The trial court considered dismissal in the interest of justice pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). The court found that Lopez's sentence is within the spirit of the three strikes law, especially because he committed the instant offenses soon after he completed a nine-year prison sentence.

The trial court reviewed the enhancements imposed pursuant to sections 667, subdivision (a) and 12022.5. The court noted that Lopez received the middle term of four years on the firearm enhancements pursuant to section 12022.5, because there were neither mitigating nor aggravating circumstances. The court also noted that the firearm enhancements each stemmed from a different offense.

The trial court found that the sentences on the enhancements were reasonable in light of Lopez's criminal

history, his pattern of behavior, and the seriousness of the offenses. The court acknowledged that at the time Lopez was sentenced, the court did not have the discretion to strike the enhancements.

Finally, the trial court considered section 1385, subdivision (c), requiring the trial court to give great weight to certain circumstances in exercising its discretion to strike enhancements.

The trial court said there is some evidence of childhood trauma. Lopez claims his father physically abused his mother in his presence, and his father hit him with an extension cord leaving marks and bruises. The court found there is no evidence of mental illness. The court did not find any discriminatory racial impact on his case.

The trial court noted that the enhancements were not what caused Lopez's sentence to exceed 20 years. The court also noted that although one of the enhancements was over five years old at the time of Lopez's 1996 conviction, he was in custody for most of that time.

The trial court found no evidence that the firearms Lopez used in the case were inoperable or unloaded.

Finally, the trial court found that "[t]here is a serious risk, that [Lopez] would be a danger to the public."

The trial court struck the one-year enhancement imposed pursuant to section 667.5, subdivision (b), but left the rest of the sentence unchanged. The sentence was modified to 126 years to life.

## DISCUSSION

### I. Section 1385, subdivision (c)

Lopez contends the trial court erred in not dismissing the enhancements under section 1385, subdivision (c).

4

Section 1385, subdivision (c) provides in part:

"(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  "Endanger public safety" means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma.

"(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

"(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H) The enhancement is based on a prior conviction that is over five years old.

"(I) Though a firearm was used in the current offense, it was inoperable or unloaded."

After Lopez filed his opening brief, our Supreme Court decided *People v. Walker* (2024) 16 Cal.5th 1024. In *Walker* our Supreme Court held that the existence of one or more of the factors listed in section 1385, subdivision (c)(2) does not mandate dismissal of the enhancement. (*Walker*, at p. 1029.) Instead, our Supreme Court stated, "[I]f the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Ibid.*, quoting *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted April 12, 2023, S278894.)

*(a) Section 1385, subdivision (c)(1)*

Lopez argues the trial court erred in not dismissing all the enhancements under section 1385, subdivision (c)(1). "[T]he court shall dismiss an enhancement if it is in the furtherance of justice to do so." (*Ibid.*)

But the trial court carefully weighed all the factors listed in section 1385, subdivision (c)(2) and concluded that countervailing

6

factors neutralized even the great weight of the mitigating circumstances.  (*People v. Walker*, *supra*, 16 Cal.5th at p. 1029.)

In addition, the trial court found that dismissal of the enhancements would endanger public safety.  That finding by itself neutralized any mitigating circumstances.  (§ 1385, subd. (c)(2).)

Lopez argues that the finding of dangerousness is not supported by substantial evidence.  In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the judgment or order.  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)  We discard evidence that does not support the judgment or order as having been rejected by the trier of fact for lack of sufficient verity.  (*People v. Ryan* (1999) 76 Cal.App.4th 1304, 1316.)  We have no power on appeal to reweigh the evidence. (*People v. Stewart* (2000) 77 Cal.App.4th 785, 790.)

Here Lopez has a long history of serious and violent offenses, including armed robberies.  Lopez committed the underlying offenses not long after he was released from prison. He has not committed another offense against a member of the general public in 27 years because he has been in prison during that time.  He admitted that as late as 2020 he used drugs in prison.  Lopez is not a prisoner with a long history of attempts to reform.

The trial court found that there is "some evidence of potential physical infirmities."  But it does not take a lot of physical ability to rob someone with a firearm.  The court's dangerousness finding is well supported by the evidence.

*(b) Section 1385, subdivision (c)(2)(B)*

Lopez relies on the mitigating circumstance in section 1385, subdivision (c)(2)(B): "Multiple enhancements are alleged

7

in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed."

Lopez points out that all the enhancements were imposed in the same case.  He argues, however, that the trial court made an implied finding that they were imposed in different cases.

But we only imply findings that support the judgment or order.  (*People v. Francis* (2002) 98 Cal.App.4th 873, 879.)  The trial court's detailed analysis of Lopez's claim shows it well understood the requirements of section 1385, subdivision (c).  The court's comment that each firearm enhancement stemmed from a different offense is relevant to whether dismissal would be in furtherance of justice.  Enhancements appended to multiple separate offenses show a pattern of criminality that is more culpable than multiple enhancements arising from a single offense.

In addition, section 1385, subdivision (c)(2) provides that proof of one or more of the listed circumstances weighs greatly in favor of dismissing the enhancement "unless the court finds that dismissal of the enhancement would endanger public safety."  That is exactly what the trial court found here.  Thus, even though Lopez had shown that all the enhancements were imposed in a single case, he is not entitled to relief.

Lopez relies on one sentence in section 1385, subdivision (c)(2)(B): "In this instance, all enhancements beyond a single enhancement shall be dismissed."  He argues the word "shall" makes dismissal mandatory notwithstanding the finding of dangerousness.  Lopez concedes that every Court of Appeal that has considered the argument has rejected it.  (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 [defendant's interpretation would render it surplusage; "'unless the court finds

8

that dismissal of the enhancement would endanger public safety'"].) We join those courts in rejecting Lopez's argument. The rejection is consistent with our Supreme Court's decision in *Walker* that dismissal under section 1385, subdivision (c) is not mandatory. (*People v. Walker*, *supra*, 16 Cal.5th at p. 1029.)

## II. Three Strikes Law

Lopez contends the trial court was required to dismiss all but one of his 25-years-to-life sentences imposed pursuant to the three strikes law.

Lopez admits that every court that has considered the contention has rejected it. We agree with those courts. Section 1385, subdivision (c) concerns enhancements. The three strikes law is not an enhancement; it is an alternate sentencing scheme pursuant to § 667. (*People v. Dain* (2024) 99 Cal.App.5th 399, 410, review granted May 29, 2024, S283924.)

Even if the three strikes' 25-years-to-life sentences could be considered enhancements governed by section 1385, subdivision (c), Lopez would not be helped. The trial court decided the dismissal of the strikes would not be in the interest of justice and would endanger public safety.

Finally, section 1385, subdivision (c)(1) provides for dismissal of an enhancement if it is in furtherance of justice "except if dismissal of that enhancement is prohibited by any initiative statute." Section 1170.12 was enacted by initiative. (Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994), and Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).) Lopez fails to discuss whether dismissal is prohibited by section 1170.12. (See *People v. Superior Court (Guevara)* 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305.)

9

### *III. Romero Motion*

Lopez contends the trial court abused its discretion in denying his motion pursuant to *Romero*, *supra*, 13 Cal.4th 497.

Pursuant to *Romero*, the trial court has the discretion to dismiss a strike in the interest of justice. (*Romero*, *supra*, 13 Cal.4th at p. 504.) The question is whether in light of the nature and circumstances of his prior and present serious or violent felony convictions, the particulars of his background, and his character and prospects, the defendant may be deemed outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Here Lopez has six serious or violent felony convictions; he is a repeat offender; and his attempts at rehabilitation in prison have been recent. His sentence is well within the spirit of the three strikes law. In fact, Lopez is precisely the type of defendant for whom the three strikes law was enacted.

Lopez points out that his convictions are remote in time. But that is because he has been in prison. The purpose of the three strikes law is to enhance public safety by removing from society those who would prey upon the public. That Lopez's convictions are remote in time does not mean he is outside the spirit of the three strikes law.

Lopez argues that he is elderly and infirm. But the trial court considered that Lopez is 68 years old and that there is "some evidence of potential physical infirmities" as mitigating factors. But those factors alone do not mandate dismissing a strike. The court considered all the factors and determined that Lopez's sentence is within the spirit of the three strikes law and that he remains a danger to the public. The trial court did not abuse its discretion.

## *IV. Custody Credits*

Lopez contends that the trial court erred in not recalculating his custody credits.

When a prison term is already in progress and the sentencing court modifies the sentence, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served in jail and in prison. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 41.) Here the trial court did not recalculate Lopez's credits. Instead, it directed the Department of Corrections to do so. The parties agree this was error.

## DISPOSITION

The matter is remanded to the trial court to recalculate Lopez's credits. In all other respects, we affirm.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

11

Marine Dermadzhyan, Judge

Superior Court County of Ventura

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Shezad H. Thakor and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent